IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA R. CASTANEDA,

    Petitioner,

v.                                                                       CASE NO. 24-3157-JWL

STATE OF KANSAS,

    Respondent.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the Pawnee County Jail in Larned, Kansas, proceeds pro se. The Court grants Petitioner's motion for leave to proceed in forma pauperis (Doc. 2). The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directs Petitioner to show good cause, in writing, why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886).

**I.  Allegations in the Petition**

In his Petition under § 2241, Petitioner alleges that he was unreasonably seized and "improperly subjected to judicial proceedings when no probable cause existed." (Doc. 1, at 6.) Petitioner claims that the probable cause affidavit was falsified and lacked exculpatory evidence, and that the district attorney unfairly caused the judge "to believe that the defendant had committed multiple crimes to which probable cause existed." *Id*. Petitioner also alleges that he was denied the right to confront the witness against him, and was denied the right to a fair trial when the district attorney and others used false information to sway the judge to believe Petitioner was incompetent to stand trial. *Id*. at 7–8. Petitioner also claims that the state court judge


conducted a hearing on August 15, 2024, without appointing counsel to represent Petitioner. *Id*. at 9. Petitioner claims that false information was solicited for use in his preliminary hearing. *Id*.

The docket for Petitioner's state criminal case shows that Petitioner is represented by counsel and a competency hearing is scheduled for October 21, 2024. *See State v. Castaneda*, Case No. 2024-CR-000041, filed April 12, 2024 (District Court of Pawnee County, Kansas).

## II. Discussion

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas Corpus Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4.

The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886). In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Id.* at 251–52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (citation omitted). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Two varieties of "extraordinary circumstances" exist: "(1) where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action and (2) where the state law or regulation to be applied is flagrantly and patently violative of express constitutional prohibitions." *Id*. at n.4 (citations and internal quotations omitted). However, a petitioner has a "heavy burden" to overcome *Younger* abstention by setting forth "more than mere allegations of bad faith or harassment." *Amanatullah*, 187 F.3d at 1165 (citation omitted).

Although "*Younger* and *Ex Parte Royall* are related doctrines" the Tenth Circuit has stated that *Younger* "addressed a federal court's equitable power to issue an injunction enjoining state proceedings" while *Ex Parte Royall* "involved a request for habeas relief." *Kirk v. Oklahoma*, 2021 WL 5111985, at *2 (10th Cir. Nov. 3, 2021) (unpublished). In finding that *Ex Parte Royall* provided "more specific authority for the dismissal," the Tenth Circuit held that:

> In *Ex Parte Royall*, the Supreme Court held that federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. But the Court further concluded that a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. Acknowledging exceptions to this rule, the Court pointed to 'cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country or its relations with foreign nations.' The Supreme Court has also sanctioned federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. '[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' *Id.*

*Kirk*, 2021 WL 5111985, at *2 (internal citations omitted). The Tenth Circuit concluded that the district court did not err by abstaining from interfering in petitioner's state-court criminal proceedings because "[h]is is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state . . . [n]or is he seeking to compel the state to bring him to trial." *Id*.

Similarly, Petitioner's case is not within the narrow category of cases for which *Ex Parte Royall* contemplates federal-court intervention in state-court criminal proceedings by way of a writ of habeas corpus. He does not allege that the state is detaining him for committing an act done in pursuance of federal law or under the authority of a foreign government, nor does he seek to compel the State of Kansas to bring him to trial.

The instant Petition does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention. Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal case in the District Court of Pawnee County, Kansas. The criminal case against Petitioner is ongoing; the State of Kansas has an important

4

interest in prosecuting crimes charging the violation of Kansas laws; and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings.

Petitioner's state criminal proceeding is an adequate forum to hear his claims. In *Hodson v. Reams*, the petitioner argued that the rescheduling of his competency hearing was done in bad faith, that the judge was acting in bad faith because he barred all pro se motions filed by petitioner, that his counsel acted wantonly and recklessly, that he was unable to exhaust his administrative remedies because he is barred by the state district court from filing pro se motions, and that the public defender violated his due process rights by failing to request competency from the date of the offense. *Hodson v. Reams*, Civil Action No. 17-cv-00379-GPG, 2017 WL 6550694, at *1 (D. Colo. June 20, 2017), *denying cert. of appealability* 729 F. App'x 661 (10th Cir. 2018). The court found that petitioner failed to establish that the state criminal proceeding was an inadequate forum to hear his claims, and that the State has an important interest in the administration of its criminal code, as well as the state competency procedures set forth in the state statutes. *Id*. at *2.

"To establish extraordinary or special circumstances and overcome abstention, [a petitioner] must be facing an irreparable injury that is both great and immediate." *Id*. at *3 (citing *Younger*, 401 U.S. at 46). "The exceptions to *Younger* provide only for a 'very narrow gate for federal intervention.'" *Id*. (citing *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1997)). A petitioner "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Id*. (citations omitted).

Petitioner has failed to assert a basis for finding extraordinary or special circumstances.

"[T]he state incompetency procedures are designed to protect a criminal defendant's federal due process rights." *Id*. (citation omitted). "[A]bsent a showing of bad faith, the extraordinary circumstances would not be demonstrated even if [a petitioner] has been adjudged incompetent incorrectly under state statutory procedures." *Id*. at *4 (citing *Younger*, 401 U.S. at 46–47).

Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in the District Court of Pawnee County, Kansas. Petitioner is therefore directed to show good cause, in writing to the undersigned, why this matter should not be summarily dismissed without prejudice under *Ex Parte Royall* and *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

Petitioner has also filed a Motion for Appointment of Counsel (Doc. 3). Petitioner states that he is seeking the appointment of counsel under K.S.A. § 22-4503. (Doc. 3, at 1.) The Court denies Petitioner's request for appointment of counsel. K.S.A. § 22-4503 deals with appointment of counsel for defendants in state proceedings. Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a § 2241 petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where an evidentiary hearing is not warranted, appointment of counsel is not required. *See Engberg v. Wyo*., 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have

counsel appointed under 18 U.S.C. § 3006A.").

Because the Court finds that this matter is subject to dismissal, appointment of counsel is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.").

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel (Doc. 3) is **denied.**

**IT IS FURTHER ORDERED** that Petitioner is granted until **October 18, 2024,** in which to show good cause, in writing to the undersigned, why the Petition should not be dismissed without prejudice for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated September 17, 2024, in Kansas City, Kansas.**

                                              **S/  John W. Lungstrum**
                                              **JOHN W. LUNGSTRUM**
                                              **UNITED STATES DISTRICT JUDGE**